UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KEVIN CHANDLER, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) Cause No. 3:17-CV-468 JD |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

OPINION AND ORDER

Kevin Chandler, a prisoner proceeding without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing (ISP 17-02-312) where he was found guilty of having a weapon in violation of A-106 by the Disciplinary Hearing Officer (DHO) on March 6, 2017. As a result of the hearing he was sanctioned with the loss of earned credit time and contact visitation. Chandler does not dispute that he had a weapon nor argue that he was denied due process during his hearing. Rather, each of his four grounds argues that he should not have been denied contact visitation. Chandler states that he has not presented this claim to the Final Reviewing Authority, but "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the . . . State." 28 U.S.C. § 2254(b)(2).

Chandler argues that the Indiana Department of Correction violated prison rules which do not permit taking contact visitation from an inmate who had a weapon. However, violating a prison rule is not a basis for habeas corpus relief, because "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Chandler argues that federal law only allows contact visits to be taken from an inmate who has violated a rule in the visitation room.

However, that is not true. Convicted prisoners do not have a right to contact visitation – whether they violate a rule or not. *Cf. Block v. Rutherford*, 468 U.S. 576, 586-587 (1984) (even pre-trial detainees in jail do not have a right to contact visitation) and *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461 (1989) (prisons can deny contact visitation to convicted prisoners). Therefore the denial of contact visitation is not a basis for habeas corpus relief.

If Chandler wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit C*ourt, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the habeas corpus petition is **DENIED**. The clerk is **DIRECTED** to enter judgment and close this case. Kevin Chandler is **DENIED** leave to proceed in forma pauperis on appeal.

SO ORDERED.

ENTERED: June 19, 2017

/s/ JON E. DEGUILIO
Judge
United States District Judge